THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CONCEPCIÓN FRANCHI CORTÉS, Defendant and Appellant.

No. 15855. Argued April 4, 1955.—Decided May 11, 1955.

*Luis A. Noriega* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

The prosecuting attorney of the Superior Court, Ponce Part, charged Concepción Franchi Cortés with a violation of the *Bolita Act*—Act No. 220 of May 15, 1948—consisting in that on May 8, 1953, "he had in his possession or

custody at his house, a list of numbers of three figures and other digits to the right, knowing that those numbers of three figures were to be used in connection with the unlawful game of *Bolita* or *Bolipool* . . ." The defendant timely challenged the validity of the search warrant, and asked for the suppression of the evidence, on the ground that the affidavit on which the search warrant was issued was insufficient to determine probable cause. The court dismissed the challenge and, at the trial, found the defendant guilty of the crime charged, sentencing him to six months in jail.

On appeal he assigns three errors. The first one attacks the decision of the court overruling his challenge to the search warrant. The other two assignments attack one, the sufficiency, and the other, the weighing of the evidence. Let us see.

■ The affidavit of the policeman José A. Rivera, on which the search warrant was based, insofar as pertinent, reads:

"That I personally know that defendant Concepción Franchi, who lives at the afore-mentioned address, operates a clandestine *Bolipool* game, commonly known as *Bolita* or *Bolipool,* because while the declarant was walking around the Barriada Bélgica, Sixth Street, Ponce, Puerto Rico, on April 27, 1953, about seven o'clock in the evening, I passed by defendant's house and saw Concepción Franchi showing different colored tickets to a lady within the house as well as lists of numbers of three figures, and that when the defendant became aware of my presence he hastily closed the front door, and I could not seize the material because I did not have a search warrant."

The former statement is, in our judgment, insufficient to establish the probable cause required by § 10 of Article II of the Constitution of the Commonwealth of Puerto Rico, as well as by § 503 of the Code of Criminal Procedure. The assertion made by the witness at the beginning of the above-copied statement, to the effect that "I personally know" that the defendant operates a *Bolita* or *Bolipool* game, is his own

conclusion, which he attempts to support by facts based on his personal observation, which he immediately proceeds to state. It is on facts, not on conclusions, that the trial judge must base his determination of probable cause. The personal observation of the deponent, as stated by him, was the following: About seven o'clock in the evening, and while passing by defendant's house, he saw that the latter was showing to a lady who was within the house, some *tickets* in different colors, and lists *with numbers of three figures*, and that defendant, upon noticing him, hastily closed the front door. The deponent does not state *what kind* of tickets defendant was showing. He merely identifies them as *of different colors*. As to the lists, he describes them as lists *with numbers of three figures*, without making any other description in his statement that might lead to connect those lists of numbers of three figures with the unlawful game of *Bolita*. Lists of numbers of three figures may or may not be connected with the unlawful game of *Bolita*, but they do not constitute *per se* typical material of the game.

What actually constitutes typical material of the game of *Bolita*, as held in *People* v. *Mantilla*, 71 P.R.R. 35, 49, is the lists with numbers of three figures, *followed by a dash and another number*, since it is the first number *on which the bet is placed* and the number following the dash is *the amount which is bet*. Thus, we held in the *Mantilla* case, *supra:*

"In the fourth and fifth assignments the defendant attacks the weighing of the evidence by the lower court. The testimony shows that three detectives searched the house of the defendant pursuant to a search warrant; that among the things found were *lists with numbers of three figures, followed by a dash and another number;* that bolita is played by *betting on a number with three figures;* that *in a bolita list, the first number is the number on which the bet is placed; that the number following the dash is the amount which is bet;* and that these lists *were bolita numbers, as they answered the foregoing description of lists of bolita numbers.*

"The defendant offered no evidence to challenge this testimony. Nor did she refute the proof that *bolita* is played in the manner prescribed. Indeed, we have had so many cases in which this has been established that we can almost take judicial notice that in Puerto Rico *bolita* is generally played by betting on the numbers 000 to 999, keyed to the last three numbers of the lotteries of Puerto Rico or Santo Domingo, and the local racetrack pool, and that *bolita* lists consist of a series of three-figure numbers, followed by a dash and the amount bet on the respective numbers. See, for example, *People* v. *Acevedo,* 70 P.R.R. 534. In the absence of evidence to the contrary, the district court was therefore entitled to conclude that the lists of numbers introduced in evidence could be used for no purpose other than to play *bolita.*" *People* v. *Mantilla,* 71 P.R.R. 49. (Italics ours.)

██ The ruling in the *Mantilla* case, *supra,* —although it dealt with the sufficiency of the evidence at the trial stage—is *a fortiori* applicable to the prior stage of the search, the probable cause for which, once it is determined by the judge on the basis of the affidavit, is the key which lawfully opens the doors for the State to search the homes of citizens who are protected by the fundamental law against unreasonable searches or seizures.

The other fact appearing from the supporting affidavit is that defendant, upon seeing the peace officer hastily closed the front door. It is difficult to determine—in the absence of any statement on the part of the deponent revealing the criminal character *per se* of the tickets or lists that defendant was showing—that there is probable cause for a search because a citizen closes the door of his house when he sees a policeman. In order that a guilty conscience may be inferred from said action by the judge who issues the warrant and that he be "completely satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence," § 506 of Code of Criminal Procedure, said action must be coupled with actual criminal facts which may serve as a basis for such inference. The

fact that he saw *tickets*, without any other description connecting them with tickets used in the *Bolita* or *Bolipool* game and that he saw a list with *numbers of three figures* without identifying it with the typical lists used in the *Bolita* game—three figures, dash and other figures to the right—does not impute a crime in itself; and the fact that the citizen closed the door when he saw the policeman adds nothing to determine the existence of probable cause. The judicial function of determining probable cause must be backed by facts from which a violation of law may be reasonably inferred. In the case at bar, the material described by the policeman was material susceptible of innocent use, and can not serve as a ground for such determination, in the absence of other facts in the affidavit statement which tend to connect this material with the unlawful game of *Bolita*.

For the foregoing reasons, we are of the opinion that the affidavit was insufficient to determine probable cause and, consequently, that the search warrant issued was void, the search was illegal, and therefore the evidence obtained thereby was inadmissible. Hence, the trial court erred in setting aside the motion of the defendant for the nullity of the search warrant and the suppression of the evidence. This conclusion renders unnecessary the consideration of the other assignments of error.

The judgment appealed from will be reversed and defendant acquitted.